# Exhibit

# F

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

CHAPTER 13 PROCEEDING

In Re:

**Roy Menton and Maureen Menton**
Debtor(s).

**NOTICE OF HEARING
ON CONFIRMATION OF
CHAPTER 13 PLAN**

Case No. 09-33356-5-mcr

### TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:

*PLEASE TAKE NOTICE* that a confirmation hearing has been scheduled for:

**DATE:**     **March 16, 2010**

**TIME:**     **2:00 p.m.**

**PLACE:**    **U.S. Courthouse, Courtroom 2, Third Floor
100 S. Clinton Street, Syracuse, New York 13261**

Objections to confirmation shall be written and must be filed with the Court and served upon the debtor(s), debtor's (debtors') attorney, United States Trustee and Chapter 13 Trustee, no later than seven (7) days prior to the confirmation hearing. Any objecting party must appear at the confirmation hearing, as well as the debtor's (debtors') attorney. The Court may, in its discretion, confirm, deny, dismiss or convert this Chapter 13 case at the confirmation hearing. The confirmation hearing may be adjourned without further notice to creditors. In the event no written objection is filed, no hearing will be held before the court on the return date, and the court will consider the plan confirmed based upon the recommendation of the Chapter 13 Trustee.

The attached (amended) plan proposes payments to the Chapter 13 Trustee of $693.87 per month for 60 months, with a dividend of 5% to all allowed unsecured claims.

Dated: 2/13/10

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
COUNTY OF NEW YORK    )     ss.:

Lindsay Serpe, being duly sworn, deposes and says that:
I am not a party in this proceeding and am over 18 years of age. On the 12th day of February, 2010, I served the above Notice on all scheduled creditors, debtor(s), debtor's (debtors') attorney, Chapter 13 Trustee and the U.S. Trustee by first class mail by depositing a copy in a post-paid, properly addressed wrapper, in a depository under the care and custody of the U.S. Postal Service within New York State.

*Lindsay K Serpe*

Sworn to before me this 12
day of FEB, 2010.

*Veronica A Soukup*
Notary Public

VERONICA A. SOUKUP
Notary Public, State of New York
No. 01SO4514110
Qualified In Queens County
Commission Expires June 30, 2011

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

                                    Chapter 13

ROY AND MAUREEN MENTON,

                             Case No. 09-33356-mcr

               Debtor.
-------------------------------------------------------X

## CHAPTER 13

        The Debtor herein, ROY AND MAUREEN MENTON's (hereinafter referred to as the "Debtors"), proposes the following Chapter 13 Plan:

        1.      Debtor proposes monthly payments in the amount of Six Hundred Ninety Three and 87/100 ($693.87) Dollars to the Chapter 13 Trustee for a period of sixty (60) months totaling Thirty-Three Thousand Six Hundred Fifty-Two and 20/100 ($33,652.20) Dollars.

        2.      From the payments received, the Chapter 13 Trustee shall make the following distribution in accordance with the following classification and treatment of claims:

  **A.  Administrative Claims:**

        Allowed administrative claims, including the balance of Debtor's attorney fees in the sum of Four Thousand ($4,000.00) Dollars, shall be first until paid in full.

  **B.  Secured Claims:**

        The Debtors will pay arrears on mortgages owed to 27390 Country Route 57 Three Mile Bay, New York 13693, and 6380 County Route 8, Cape Vincent, New York through their chapter 13 plan.

  **C.  Priority Claims:**

Allowed priority claims, if any, shall be paid in full pursuant to Code Section 1322(a)(2) pro rata from monthly payments after allowed administrative claims and secured claims. There are no known priority claims.

### D. General Unsecured Claims:

Allowed unsecured claims shall be paid in cash, in full pro rata from the balance of Plan Payments. Minimum distribution on account of allowed unsecured claims shall be not less than five percent (5%).

### Terms For Plan Implementation:

Debtor rejects all executory contracts effective upon confirmation except tenant leases with respect to real property retained, or as provided by any subsequent Court Order.

### 1. Property Of The Estate:

Property of the Estate shall include all property in which Debtor has legal or equitable interests, as defined by Code Section 541. Property of the Estate shall vest in Debtor free and clear of all claims and interests pursuant to Code Section 1327 unless provided otherwise herein.

### 2. Confirmation:

a. This Plan is proposed in good faith and not by any means forbidden by law.

b. The value as of the effective date of this Plan of property distributed is not less than the value of the property as of the date commencement of the case if property of the Estate were to be liquidated pursuant to Chapter 7 of the Bankruptcy Code.

c. Nothing set forth herein shall constitute a waiver, compromise or relinquishment of any right, title or interest of the Debtor under any applicable law with respect to the property of the Estate.

d.  Confirmation of this Plan shall constitute modification of the rights of lien holders as

provided herein but shall not constitute avoidance of any lien except as may be

provided by Bankruptcy Court Order.

Dated: New York, New York
         December 24, 2009

/s/ ROY MENTON
ROY MENTON, Debtor

/s/ MAUREEN MENTON
MAUREEN MENTON, Debtor

**Serpe & Associates, P.C.**
Sean C. Serpe, Esq.
Attorneys for Debtor
450 Seventh Avenue, Suite 2601
New York, New York 10123
(212) 725-3600

Serpe & Associates, P.C.
450 Seventh Avenue Suite 2601
New York, NY 10123

NEW YORK NY 100

13 FEB 2010 PM 2 T



Hsbc Harlem Fur.
Attn: Bankruptcy
PO Box 15522
Wilmington, DE 19850

NIXIE        197    5E 1        00 02/17/10
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC:  10123269051      *2045-18355-12-36

19850+5012002690