# Exhibit H

**Mark W. Swimelar**
STANDING CHAPTER 12 & 13 TRUSTEE
250 South Clinton Street
Suite 203
Syracuse, New York  13202

TELEPHONE: 315.471.1499
FAX: 315.471.4811
EMAIL: trustee@cnytrustee.com
WEB SITE: www.cnytrustee.com

**Lynn Harper Wilson**
Staff Attorney

**Maxsen D. Champion**
Staff Attorney

August 23, 2010

Taylor W. Lawson
Serpe & Associates, P.C.
450 Seventh Avenue
Suite 2601
New York, NY  10123

**Re:  Roy & Maureen Menton**
      **Case No. 10-31635**

Dear Mr. Lawson:

    I am in receipt of your request for permission to assist Mr. & Mrs. Menton in obtaining a loan modification. This is to advise you that I have no objections to that. However, if Mr. Serpe has additional attorney's fee, that must be by motion and paid through the plan. In addition, we require any loan modification to be paid through the plan when there are arrearages owed at the time of filing. From a review of the Chapter 13 Plan there were arrears that were due and owing at the time of filing. I hope this is helpful.

Very truly yours,

Mark W. Swimelar

MWS/sei



## KeyBank

4910 Tiedeman Rd
Brooklyn, Ohio   44144
OH01-51-0622
W102

April 25, 2011

Sean C Serpe
Serpe & Associates, P.C
450 Seventh Ave.
Suite 2601
New York, NY 10123

Account No: Roy Menton 03290024415413

This letter (the Modification Agreement) sets forth the terms of the modification to your loan to which you and KeyBank have tentatively agreed in an effort to resolve the existing delinquency or to avoid delinquency. These terms will become binding after KeyBank receives the fully executed Modification Agreement from you.

The modifications under this agreement (the Modified Terms) are limited changes to your loan agreement. The Modified Terms alter the original loan agreement (the Loan) by changing the interest charged and/or the length of the loan in the manner set forth below. Except as explicitly provided herein, the remaining provisions of the Loan remain unaltered and remain binding.

The last installment of this loan may be larger than normal monthly payment because late fees will be included in that payment. You currently have a late charge balance of $00.00 which would be included in that payment along with other fees or charges that may be incurred over the remaining life of the loan You may pay these charges at any time and thereby avoid the adding them to final installment.

The Modified Terms are:

Current Payment Amount- **$2,583.73**    New Payment Amount- **$681.09**

Current Interest Rate- **9.69%**         New Interest Rate- **4.00%**

Remaining Term Length- **346**     New Term Length- **360**

Reduced Payment Start Date- **October 19,2010**

Reduced Payment End Date- **October 19, 2012**

Estimated Loan Maturity Date- **September 13,2040**

The extended term for repayment under the Loan Modification may result in an increase in the total amount of interest you will be charged over the life of the loan.
In as much as you are currently in a bankruptcy a reaffirmation agreement will need to be executed along with any potential modification.  If you are in a Chapter 13 proceeding any modifications must be approved by the Court.  Please sign and return both pages of this letter detailing the proposed changes to your account within 30 days of the above date.  Please understand that the changes cannot be completed until this signed letter has been returned to us at:

KeyBank
Central Processing
4910 Tiedeman Road
Brooklyn, OH 44144
Mail Code OH-01-51-0561

Sincerely,

Lynette M Schweiger
Sr. Bankruptcy / Foreclosure Specialist
KeyBank National Association
4910 Tiedeman Rd.
Brooklyn, OH 44144
1-800-982-1102 Ext. 7697
Fax: 216-370-4065


We (I) Roy Menton, hereby agree to and understand the modification of terms that will be completed on loan 03290024415413.


_____        _____
                                                    Date


_____        _____
                                                    Date

MBK01                           Please Initial ____ ____

**W102**

MBK01                               Please Initial ____ ____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK (SYRACUSE)

In Re:

    Roy Menton,

    Maureen Menton

                      Debtors.

**AGREED ORDER CONDITIONALLY GRANTING MOTION FOR RELIEF FROM STAY**

Case No. 10-31635-5-mcr
Chapter 13

      KEYBANK NATIONAL ASSOCIATION ("Movant") having moved this Court pursuant to a Motion for Relief from Automatic Stay dated August 31, 2010, seeking authorization for Movant to foreclose and sell the real estate located at 27390 County Route 57, Three Mile Bay, NY (the "Collateral"). Based upon the parties AGREEMENT, the Court hereby deems the above-referenced stays continued on Movant's collateral, located at 27390 County Route 57, Three Mile Bay, NY, pending compliance with the following incorporated terms.

1. The debtors shall enter into a loan modification agreement with KEYBANK NATIONAL ASSOCIATION for a period of twenty-four (24) months which shall alter their loan as follows:

Current Payment Amount- **$2,583.73**     New Payment Amount- **$681.09**

Current Interest Rate- **9.69%**     New Interest Rate- **4.00%**

Remaining Term Length- **346**     New Term Length- **360**

Reduced Payment Start Date- **October 19, 2010**

Reduced Payment End Date- **October 19, 2012**

Estimated Loan Maturity Date- **September 13, 2040**

At the end of the twenty-four (24) month loan modification period the loan shall return to the original terms with the payment at $2,583.73 and the interest rate at 9.69%.

2. The Debtors shall make all contractually required payments per the loan modification, directly to Movant, beginning with the payment due October 19, 2010. The loan shall be considered current with no arrears as per the loan modification agreement.

3. In the event the Debtors fail to comply with the provisions contained herein, Movant shall have the right to direct written notice of default to the Debtors and the Debtors' attorney by ordinary U.S. mail. In the event the Debtors fail to fully cure the default within twenty (20) days after the mailing date of the aforementioned notice, the automatic stay in effect under 11 U.S.C. §362 and Fed. R. Bankr. P . 4001(a)(3) shall be deemed terminated in favor of Movant, without further notice, order or hearing, upon the filing by counsel for Movant of an Affidavit of Default.

Unless otherwise stated expressly herein, all notices and/or affidavit of default shall be mailed or faxed to the Debtors, the Debtors' attorney, and the Trustee. Each party shall be responsible for notifying the other.

**SO AGREED AND ORDERED.**

| | |
|---|---|
| /s/ Geoffrey J. Peters<br>GEOFFREY J. PETERS #513104<br>**Weltman, Weinberg & Reis Co., L.P.A.**<br>175 S. Third Street, Suite 900<br>Columbus, OH 43215<br>614-857-4366<br>614-222-2193 (fax)<br>gpeters@weltman.com<br>Counsel for Creditor,<br>KEYBANK NATIONAL ASSOCIATION | **Sean C. Serpe**<br>Serpe & Associates, P.C.<br>450 Seventh Avenue, Suite 2601<br>New York, NY 10123<br>(212) 725-3600<br>Fax : (212) 385-4600<br>Email:sean@seanserpelaw.com<br>Attorney for Debtor |

WWR# 8037170

# # #