UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:  Roy Menton, and
       Maureen Menton,　　　　　　　　　　　　　　　　　Case No. 10-31635
              Debtors.　　　　　　　　　　　　　　　　　　　　Chapter 13

Appearances:

| | |
|---|---|
| Sean C. Serpe, Esq.<br>Serpe & Associates, P.C.<br>450 Seventh Avenue, suite 2601<br>New York, New York 10123 | Sean C. Serpe and Debtors Roy Menton<br>and Maureen Menton |
| Lynn Harper Wilson, Esq.<br>Office of the Chapter 13 Trustee<br>250 South Clinton Street, Suite 203<br>Syracuse, New York 13202 | Mark Swimelar, Chapter 13 Trustee |
| David Temes, Esq. and<br>Jason J. Centolella, Esq.<br>Green & Seifter Attorneys PLLC<br>110 West Fayette St., Suite 900<br>Syracuse, New York 13202 | Citizens Bank of Cape Vincent |
| Guy A. Van Baalen, Esq.<br>10 Broad Street<br>Utica, New York 13501 | Tracy Hope Davis, United States Trustee |

**MEMORANDUM-DECISION AND ORDER**

This court entered an Order to Show Cause directed to Sean C. Serpe, counsel for the Debtors, on March 25, 2011 as to why he should not be sanctioned and referred to the Chief Judge of this District for discipline, including consideration of being barred from practice in the Northern District of New York. A hearing was held on April 26, 2011 at which the court heard testimony from Sean Serpe and Debtor Roy Menton and took judicial notice of all the filings and proceedings to date in the current case as well as in a

1

prior chapter 13 case, Case No. 09-33356, in which Attorney Serpe represented these same Debtors. Based upon the testimony, filings of record and proceedings to date, the court enters this memorandum-decision incorporating its findings of fact and conclusions of law as permitted by Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P.") 7052, as made applicable by Fed.R.Bankr.P. 9014.

*Certified Statements Filed with the Court and Failure to Communicate with Client*

Sean Serpe first filed a chapter 13 petition on behalf of Roy and Maureen Menton on December 11, 2009 (Case No. 09-33356) ("first case"). A chapter 13 plan was not filed in the first case until January 12, 2010, only after the filing of a motion by the trustee seeking dismissal of the case for Debtors' failure to timely file a plan.[1] The certified 2016(b) "Disclosure of Compensation of Attorney for Debtors" certified statement ("Statement") filed by Attorney Serpe (Doc. 8) indicated that the attorney agreed to accept "0.00" for legal services in connection with the case and that no balance was due for fees. The Statement also disclosed that the $274.00 filing fee had been paid and that the source of the compensation paid was the Debtors. The first case was dismissed on March 11, 2010 for Attorney Serpe's failure to file and serve a notice of confirmation hearing. Serpe's client, Roy Menton, thought that the case had been dismissed due to "a typographical error" and Attorney Serpe never explained to his client the reason for dismissal of the first case. Roy Menton testified that he did not understand the reason the case had been dismissed until the April 26, 2011 hearing before the court.[2]

---

[1] A debtor is required to file a plan within 14 days of the petition being filed. *See* Fed.R.Bankr.P. 3015(b).
[2] In the Serpe Affidavit at Par. 16 and at the April 26 hearing (Transcript at p.15, 16-21), Attorney Serpe admitted that he did not properly supervise his paralegal in failing to comply with the conditions which needed to be met in order to prevent dismissal of the first case.

2

On June 16, 2010, Sean Serpe filed the present case on behalf of the Debtors ("second case"). Despite dismissal of the first case barely three months prior to filing the second case, Serpe failed to disclose the prior filing and affirmatively listed, "None," in response to the question to list all prior bankruptcy cases filed within the last eight years on the second line of the petition.[3] In the second case, Serpe's firm is not listed as an unsecured creditor that is owed any money on the Debtors' "Schedule F--- Creditors Holding Unsecured Nonpriority Claims" nor on any other schedule. The certified 2016(b) Statement filed by Attorney Serpe on July 7, 2010 in the second case similarly represents that he has agreed to accept "0.00" fees for his legal services to be rendered in connection with the second case. Doc. 8. As in the first case, only after the Trustee moved for dismissal of the case for failure to timely file a plan did Attorney Serpe file a plan on behalf of the Debtors on July 23, 2010. The plan contradicts the 2016 Statement by providing for an administrative priority claim for "…the balance of Debtor's attorney fees in the sum of Two Thousand ($2,000.00) Dollars." Doc. 12.

***Receipt of Estate Funds to Pay Undisclosed Fees & Costs Without Court Order and Filing of Subsequent Certified Statement which Fails to Disclose the Same***

On August 25, 2010, Serpe's office received a letter from the Trustee which states, in part "…if Mr. Serpe has additional attorney's fee[s] (sic), that must be by motion and paid through the plan." Exhibit "H" to "Affidavit in Response to Order Directing Attorney Sean Serpe to Show Cause why sanctions ought not be imposed, prior Fees of $4,000.00 be disgorged, and referral be made to the District Court for Consideration of his being Barred from Practice in the Northern District of New York,"

---

[3] A similar deficiency was found to be sanctionable by Chief Bankruptcy Judge Littlefield in *In re Bormann*, No. 10-12201 (Bankr.N.D.N.Y. 2010) (*see* "Order Re: Sanctions" entered on September 10, 2010 at Doc. 21).

sworn to on April 25, 2011 (hereinafter, " Serpe Affidavit"). At the hearing, Mr. Serpe acknowledged that his office received the letter. He further acknowledged that he invoiced the Debtors on September 1, 2010 for $2,000.00 and that he received payment of $2,000.00 from the Debtors on September 20, 2010. It is undisputed that there was no application made by Serpe to the court nor was there a court order allowing fees and expenses and the disbursement of funds which constituted property of the estate.[4] According to paragraph 5 of the Serpe Affidavit, the payment included reimbursement of the filing fee for the first case, apparently advanced by Serpe, and, therefore, ostensibly a prepetition debt owed to Serpe arising from the Debtors' first case, which required his firm being listed as a creditor in the bankruptcy schedules filed in the second case. Serpe failed to comply with the further requirement of Fed.R.Bankr.P. 2016(b) that within 14 days of any payment, a supplemental statement must be filed and served on the United Sates trustee. Instead, it was not until the Chapter 13 trustee objected to the attorney disclosure of fees (Doc. 24) that Serpe filed a supplemental 2016(b) Statement on January 21, 2011 in which he recites that for legal services, "I have agreed to accept $2,000.00." He proceeds to certify that "Prior to the filing of this statement I have received "0.00" and that the "Balance Due [is] $2,000.00," notwithstanding his firm's receipt of a $2,000.00 payment on September 20, 2010.[5] Doc. 31.

---

[4] Fed.R.Bankr.P. 2016(a) requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

[5] Although not addressed on the record, this filing constitutes a clear misrepresentation in violation of Fed.R.Bankr.P. 9011(b). Fed.R.Bankr.P. 9011(b), Representations to the Court, provides as follows: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-- (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are

4

*Debtor's Testimony Regarding Continuing Garnishment and Serpe's Failure to Correct the Record at any point until Confronted with Contradictory Sworn Testimony*

On January 25, 2011, at an adjourned confirmation hearing at which the Debtors and Attorney Serpe were present, Maureen Menton testified that her wages continued to be garnished during the pendency of the second bankruptcy case. Without correcting the record and clarifying the status of the garnishment, Attorney Serpe offered to furnish the court with the underlying judgment issued in favor of Sysco Food Services of Syracuse, LLC ("Sysco") with the clear understanding from statements made on the record that this court intended to issue an Order to Show Cause directed to Sysco and its counsel. Despite chambers following up with Attorney Serpe after the hearing for a copy of the judgment, Attorney Serpe failed to respond with a copy of the judgment nor did he during or after the hearing disclose the true state of facts including his firm's receipt of reimbursement of sums garnished from Maureen Menton's wages from Sysco's counsel. Instead, this court remained in the dark as reflected in the issuance of this court's order to show cause of January 28, 2011 (Doc. 32) and the later order of March 2, 2011 (Doc. 46) and conducted a full blown evidentiary hearing at which the true state of facts emerged from counsel for the creditor. In its March 2 order, in addition to discharging the order to show cause, the court adjourned the confirmation hearing to March 22, 2011 and ordered Serpe by March 15, 2011 to:

> "...file an affidavit disclosing the timing, amount and basis for all fees paid to his firm by or on behalf of the Debtors in 2009, 2010, and 2011 up to the present and that such affidavit address any funds held on behalf of Debtors in a trust account for any reason including, but not limited to, any funds returned from Sysco to

---

warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

5

Attorney Serpe as a result of the wrongful garnishment;…and …if the Debtors and their counsel cannot comply with the foregoing directives by March 15, 2011,…Attorney Serpe is to request an adjournment of the confirmation hearing to a later court calendar date…"

March 2, 2011 "Order Discharging Order to Show Cause, Allowing Sysco Food Services of Syracuse, LLC to File a Proof of Claim by March 31, 2011 and Directing Debtors and Attorney Sean C. Serpe to Make Certain Required Filings." Doc. 46.

### *Attorney Serpe's Failure to Make Required Filings, Failure to Timely Request Adjournment of Confirmation Hearing and Filing of Motion to Dismiss Case*

Attorney Serpe failed to make any of the required filings and failed to timely request an adjournment of the confirmation hearing. Instead, at 1:59 P.M. on March 21, 2011, the day prior to the scheduled adjourned hearing on confirmation, Serpe filed a motion to dismiss the chapter 13 case, which was accompanied by an oral request by telephone to adjourn the hearing scheduled for the next day. The court denied the last minute adjournment request and proceeded with the hearing on March 22, 2011 at which Debtor Roy Menton appeared without counsel.

Upon the court questioning Roy Menton at the March 22, 2011 hearing, the Debtor stated that he had no knowledge that a motion to dismiss had been filed, that neither he nor his wife had authorized the filing of the motion and that he did not want the case dismissed at that time. The Debtor further testified that he had paid Attorney Serpe $2,000.00 to file the first case, which he understood was dismissed due to a "typographical error" and paid Attorney Serpe an additional $2,000.00 to file the second case. Following the hearing, the court issued the current Order to Show Cause returnable on April 26, 2011.

*Findings Regarding Violations of the New York Rules of Professional Conduct and Imposition of Sanctions*

As set forth in the Local Rules of Practice for the United States District Court for the Northern District of New York and federal case law, the professional conduct of attorneys practicing before the court is governed by the New York Rules of Professional Conduct, 22 NYCRR part 1200 eff. April 1, 2009, as interpreted by the Second Circuit. *See Ehrich v. Binghamton City Sch. Dist.*, 210 F.R.D. 17 (N.D.N.Y. 2002).

The record establishes that Attorney Serpe has violated the New York Rules of Professional Conduct (hereinafter "Rule(s)") in his representation of the Debtors in both the first case and the second case. These include violations of the following Rules:

Rule 1.3(a) and (b). "Diligence. (a) A lawyer shall act with reasonable diligence and promptness in representing a client; (b) A lawyer shall not neglect a legal matter entrusted to the lawyer."

Rule 1.4(a)(1) and (a)(3) "Communication. (a) A lawyer shall: (1) promptly inform the client of: (i) any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(j), is required by these Rules; ...(3) keep the client reasonably informed about the status of the matter."

Rule 1.5(b) "Fees. (b) A lawyer shall communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible. This information shall be communicated to the client before or within a reasonable time after commencement of the representation and shall be in writing where required by statute or court rule. ...Any changes in the scope of the representation or the basis or rate of the fee or expenses shall also be communicated to the client."

Rule 3.3(a)(1) and (d) "Conduct Before a Tribunal. (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;...(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."

Rule 5.3 (a) "Lawyer's Responsibility for Conduct of Nonlawyers. (a) A law firm shall ensure that the work of nonlawyers who work for the firm is adequately supervised, as appropriate."

Attorney Serpe in his testimony essentially admits his "mistakes" and that his actions violated "...the Court's orders and the Bankruptcy Rules and frustrated this court and cause[d] the attorneys for Sysco to expend enormous energy where they should not have. I also in my 2016 statements and my statements of funds in this case were completely incorrect..." Testimony of Sean Serpe, Transcript of April 26, 2011 hearing at p. 34, 12-16. Though Attorney Serpe's admissions might appear laudable and disarming, the court gives them little regard. The falsity of the certified statements did not come to light by Mr. Serpe stepping forward, but rather only after the court opened the proverbial pandora's box by making a record in the original order to show cause, wherein Serpe's certified statements were clearly contradicted by other evidence. Attorney Serpe disclaims that his actions were "intentional." In this court's humble opinion, any statement certified by the attorney, presumably as to the accuracy and truthfulness of the statement filed with the court, is, by definition, "intentional." Mr. Serpe's further explanation that he has been trying his best to save his clients' home and

8

"to attempt to save or to rectify the business situation that they were in" rings hollow. *Id.* at p.34, 18-20. He is no different from any other attorney practicing before this court who is held up to the same ethical standards, which require him to ensure the accuracy of certified statements, act with reasonable diligence and promptness with respect to the requirements of the Bankruptcy Code and Rules, appropriately supervise staff, file pleadings on behalf of clients only with their informed consent, and proceed with integrity and candor in proceedings before the court. The current actions under review are not those of a naïve actor who has recently achieved bar admission but an attorney who by his own admission has been practicing bankruptcy law for ten years. Furthermore, the court notes that within the past eight months Attorney Serpe has been sanctioned for similar behavior in a case before Chief Judge Littlefield and ought to have been sufficiently chastened by that experience to pay closer attention to the requirements of the Bankruptcy Code and Rules.[6]

At the April 26, 2011 hearing, the court announced the imposition of $2,000.00 in sanctions, payable by Attorney Serpe to the Clerk of the United States Bankruptcy Court within thirty days of the court hearing for sums improperly sought and paid to counsel without court order during the course of these proceedings.

Pursuant to Rule 83.4 (a) of the Local Rules of Practice for the United States District Court for the Northern District of New York, the Chief Judge of the district is charged with "all matters relating to discipline of members of the bar of this Court and any person may be restricted from practicing in this Court or otherwise disciplined for cause." Given the serious nature of the violations by this attorney, this court recommends

---

[6] *See In re Bormann*, referenced in footnote 3 *supra*.

a review for disciplinary action including consideration of suspension or disbarment of this attorney from practice in the Northern District of New York. Accordingly, it is hereby

ORDERED that the oral ruling announced on the record of the hearing held on April 26, 2011 which directed Sean C. Serpe within thirty (30) days of the hearing date to pay $2,000 in sanctions to the Clerk of the Bankruptcy Court is hereby affirmed; and it is further

ORDERED that the Bankruptcy Clerk forward a copy of this Memorandum-Decision and Order, together with copies of the court dockets for this case as well as Case No. 09-33356 and a copy of the transcript of this court's April 26, 2011 hearing to The Honorable Norman A. Mordue, Chief Judge of the United States District Court, N.D.N.Y. for further review and consideration of disciplinary action.

Dated: May 24, 2011
Syracuse, New York

_____
Margaret Cangilos-Ruiz
United States Bankruptcy Judge